ENTERED
SEP 1 4 2006
K.R.W.

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH CAROLINA**

IN RE:

Merle Krapf and
Bonnie Lou Krapf,

Debtor(s).

C/A No. 04-10811-DD

Chapter 13

**ORDER**

This matter comes before the Court on the Chapter 13 Trustee's ("Trustee") objection to an exemption ("Objection") claimed by Merle Krapf ("Debtor") in an amended schedule C.[1] Debtor seeks to exempt settlement funds received post-petition based upon a pre-petition workers' compensation claim. Trustee opposes the exemption on grounds that Debtor's failure to disclose the asset in his initial schedules was in bad faith and therefore the exemption should be denied and that Debtor's present assertion of an exemption as a payment on account of a bodily injury does not protect the portion of proceeds attributable to lost wages or pain and suffering.

## **FINDINGS OF FACT**

According to the testimony, Debtor suffered a back injury while at work in December of 2003. He received treatment from the company approved doctor, had surgery in April of 2004, and as a result missed ten (10) weeks of work. Thereafter, he returned to work with no indications of further back problems until December of 2004 when he experienced discomfort, which according to his family doctor was likely due to the scarring of tissue due to his surgery. Opposition to further treatment by the company's insurance company led to hearings before the South Carolina Workers' Compensation Commission (the "Commission").

---

[1] The undersigned is not the assigned judge in this case but heard the matter in the assigned judge's absence.

As a result of a letter from the Commission suggesting he obtain representation for hearings before it, on or about the time of his bankruptcy filing, Debtor contacted the McWhirter law firm to assist him before the Commission.[2]

The evidence indicates that Debtor will need further surgery within 2-5 years and that the settlement payment was intended to cover future surgery costs of $22,000 and twenty (20) weeks of loss wages associated therewith.

Although Debtor did not initially schedule the workers' compensation claim as an asset, he immediately alerted the Trustee of the settlement by telephone once he received the settlement in an effort to payoff his chapter 13 case. Debtor has now amended his schedules and seeks an exemption for the settlement. The parties agree that the payment is due to the settlement of a pre-petition workers' compensation claim.

## CONCLUSIONS OF LAW

Federal Rule of Bankruptcy Procedure 1009 states that, "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." The right to amend is not synonymous with the right to an exemption. See In re Anzalone, 318 B.R. 127, 128 (Bankr. C.D. Ill. 2004). The general rule is that courts allow debtors to amend their schedules and seek an exemption absent bad faith, intentional concealment, or prejudice to creditors. See id. Numerous courts have held that when a debtor intentionally fails to disclose an asset in an attempt to hide it from the trustee or creditors, the court may, in its discretion, deny the debtor the ability to amend schedules to his advantage. This Court has adopted this position in In re Allphin, which states that, "[i]ntentional

---

[2] No retainer agreement or other documents associated with retention of an attorney were submitted into evidence.

concealment of estate property will bar the debtor from claiming such property as exempt, after it surfaces as an asset." In re Allphin, C/A No. 96-72207-JW, slip op. (Bankr. D.S.C. Nov. 4, 1997) (citing In re Angelo, 189 B.R. 24 (Bkrtcy.D.R.I. 1995); In re Cooper, C/A No. 03-00900-JW, slip op. (Bankr. D.S.C. May 7, 2003).

The determination of whether Debtor intentionally concealed the claim is an issue of fact to be determined by the Court based on the evidence presented. See In re Yonikus, 996 F .2d 866, 872 (7th Cir. 1993) ("Intent to conceal is a factual determination to be made by a bankruptcy court, based upon the evidence presented and inferences drawn therefrom at trial"). Debtor presented credible testimony that his intention in making a claim was merely to obtain medical treatment necessary to regain his health and return to work and that he did not believe that the workers' compensation claim constituted a lawsuit or was otherwise an asset of the estate to be listed on his schedules. The failure to include the workers' compensation claim seems to stem from Debtor's misconception of the nature of a "workers' compensation claim," as evidenced by the following testimony:

> Trustee: When you filled out your bankruptcy papers, very specifically in the statement of financial affairs, it asks if you're a party to any lawsuit, and you said none didn't you?
>
> Debtor: Correct.
>
> Trustee: And yet you had the McWhirter law firm representing you in a pending workers' compensation claim at that time? Right?
>
> Debtor: It's not a lawsuit, we didn't sue anybody.

Debtor's intent is further indicated by his actions in immediately contacting the Trustee to disclose the asset once he received it. In this case, the Court is not convinced that Debtor intentionally concealed the asset or acted in bad faith. There is also not persuasive evidence that

Debtor's creditors are prejudiced by Debtor's failure to disclose these settlement proceeds, which appear otherwise to be exempt and may be necessary to ensure that Debtor can continue working and fund the plan. Based upon the evidence presented, the Court finds Debtor is entitled to amend his schedules and seek an exemption for the workers' compensation settlement.

The final issue before the Court is the determination of whether the workers' compensation settlement is exempt under state law. Debtor offers two alternative exemption statutes that he maintains apply to the settlement funds. First, S.C. Code Ann. § 15-41-30(11)(B) provides:

> The following real and personal property of a debtor domiciled in this State is exempt from attachment, levy, and sale under any mesne or final process issued by any court or bankruptcy proceeding:
>
> > (11) The debtor's right to receive or property that is traceable to:
> >
> > > (B) a payment on account of the bodily injury of the debtor or of the wrongful death or bodily injury of another individual of whom the debtor was or is a dependent.

S.C. Code Ann. § 15-41-30 (2005).

The Trustee argues that a workers' compensation award or settlement includes components for lost wages and pain and suffering which are separate and distinct from bodily injury and thus not exempt under Title 15. In this instance it appears that the settlement proceeds were intended to cover Debtor's future back surgery and lost wages at that time, and may not fall within the Trustee's objection. However, the Court need not make a finding as to whether § 15-41-30(11)(B) is applicable because the Workers' Compensation Act contains its own exemption provision. It provides in relevant part:

> No claim for compensation under this title shall be assignable and all compensation and claims therefore shall be exempt from all claims of creditors and from taxes.

S.C. Code Ann. § 42-9-360(A).

South Carolina allows for an unlimited exemption for benefits paid pursuant to the Workers' Compensation Act. South Carolina courts construe workers' compensation statutes liberally and in favor of the injured employee. See Peay v. U.S. Silica Co., 313 S.C. 91, 437 S.E.2d 64 (S.C. 1993). The plain language of the statute evidences a legislative intent to allow Debtor a complete exemption in the settlement proceeds. Similar workers' compensation laws have been so construed in other jurisdictions. See In re Covey, 36 B.R. 696 (Bankr. W.D. Ark. 1984); In re Ladomer, 215 B.R. 265 (Bankr. S.D. Fla. 1997); In re Williams, 171 B.R. 451 (Bankr. D.N.H. 1994); In re Bonzey, 153 B.R. 105 (Bankr. D.R.I. 1993). This exemption is made applicable to this proceeding pursuant to S.C. Code Ann. § 15-41-35, in which South Carolina opts out of federal exemption law and allows South Carolina debtors to exempt property under the scheme set forth in Title 15 and all other exemptions allowed by South Carolina law. See In re McClure, 175 B.R. 21, 23 (Bankr. N.D. Ill. 1994) (finding a debtor was entitled to exempt a workers' compensation settlement pursuant to the relevant workers' compensation act although the exemption was not specifically provided in the general exemption scheme).

Therefore, the Court overrules Trustee's Objection. Debtor is entitled to amend his schedules within ten (10) days and exempt all of the subject workers' compensation settlement pursuant to S.C. Code Ann. § 42-9-360.

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
September 14, 2006