U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 04-10811

ORDER DENYING TRUSTEE'S MOTION TO MODIFY PLAN

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**11/20/2006**



_____
US Bankruptcy Court Judge
District of South Carolina

Entered: 11/20/2006

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Merle Krapf and<br>Bonnie Lou Krapf,<br><br>Debtor(s). | C/A No. 04-10811-DD<br><br>Chapter 13<br><br>**ORDER DENYING TRUSTEE'S**<br>**MOTION TO MODIFY PLAN** |

  THIS MATTER is before the Court on Chapter 13 Trustee's ("Trustee") Amended Motion to Modify Plan ("Motion"). The Trustee and Merle Krapf and Bonnie Lou Krapf (hereafter "Krapfs" or "Debtors"), by and through counsel, appeared at the hearing on the Motion. This Motion concerns a Workers' Compensation settlement Merle Krapf received for injuries sustained at his place of employment in the amount of $40,000. The Trustee in her original motion to modify plan also objected to Debtors amending schedule C to claim the funds as exempt. Chief Judge Waites, by order dated September 14, 2006, overruled the Trustee's objection and held that the entire amount of settlement proceeds is exempt pursuant to SC Code Ann. § 42-9-360(A). The issue presently before the Court is whether the exempt funds are nevertheless included in the chapter 13 disposable income calculation provided by 11 U.S.C. § 1325(b).[1]

## *Discussion*

  The Trustee asserts that the settlement proceeds should be considered in the § 1325(b) calculation, and for this contention she cites a number of cases, for which the origin of most is *In re Schnabel,* 153 B.R. 809 (Bankr. N.D. Ill. 1993).[2] The *Schnabel* Court held,

> [w]ithout an express or even implicit limitation in § 1325(b)(2) on "income" relating to its exempt status, this Court will not impose one. The Debtor's social

---

[1] Further references to the Bankruptcy Code shall be by section number only.
[2] *See also In re Launza,* 337 B.R. 286 (Bankr. N.D. Tex. 2005); *In re Florida*, 268 B.R. 875 (Bankr. M.D. Fla. 2001); *Hagel v. Drummond (In re Hagel),* 184 B.R. 793, 796 (9th Cir. BAP 1995); *Watters v. McRoberts (In re McRoberts)* 167 B.R. 146, 147 (S.D.Ill.1994); *In re Pendleton,* 225 B.R. 425, 427 (Bankr.E.D.Ark.1998); *In re Hagel,* 171 B.R. 686, 689 (Bankr.D.Mont.1994); *In re Lush,* 213 B.R. 152, 155 (Bankr.C.D.Ill.1997); *Gaertner v. Claude (In re Claude)* 206 B.R. 374, 380-381 (Bankr.W.D.Pa.1997); *Cf. Taylor v. United States of America (In re Taylor),* 212 F.3d 395 (8th Cir.2000); *Stuart v. Koch (In re Koch),* 109 F.3d 1285, 1289 (8th Cir.1997); *In re Morse,* 164 B.R. 651, 656 (Bankr.E.D.Wash.1994); *In re Jackson,* 173 B.R. 168, 171 (Bankr.E.D.Mo.1994); *In re Minor,* 177 B.R. 576, 583 (Bankr.E.D.Tenn.1995).

> security and pension payments are "income received by the debtor," and, to the extent not reasonably necessary for support, must be devoted to the repayment of unsecured creditors.

*Id.*

Another Court, with reasoning based on *Schnabel*, states, "[r]elying on the plain language of § 1325(b), which does not exclude or include income on the basis of its exempt or non-exempt status, a substantial majority of courts have held that exempt income must be considered in a court's determination of whether the disposable income test is satisfied." *In re Tolliver*, 257 B.R. 98, 100 (Bankr. D. Fla. 2000).

The Courts in the majority rely on (1) a distinction between the importance of exemptions in chapter 7 and 13 cases, and (2) the "plain language" of § 1325(b). The minority cases read § 1325(b) in conjunction with § 522(c) to protect exempt property from pre-petition debt. The *Ferretti* Court states,

> The clear language of 11 U.S.C. § 522(c) protects exempt property, regardless of form, from pre-petition debts. This express limitation cannot be ignored for purposes of defining disposable income under 11 U.S.C. § 1325(b)(2). To include exempt property within the parameters of 11 U.S.C. § 1325(b)(2) directly conflicts with § 522(c).

*In re Ferretti*, 203 B.R. 796, 800 (Bankr. D. Fla. 1996). *See also In re Solomon*, 67 F.3d 1128, 1135 (4th Cir. 1995) (funds within exempt IRAs not included in disposable income; *In re Berger*, 61 F.3d 624, 627 (8th Cir. 1995) (finding in Chapter 12 case that exempt life insurance proceeds are not part of disposable income); *In re Koch*, 187 Bankr. 664, 668 (D. S.D. 1995) (exempt worker's compensation benefits not included in disposable income calculation); *In re Tomasso*, 98 Bankr. 513, 515 (Bankr. S.D.Cal. 1989) (personal injury settlement not part of disposable income); *In re Baker*, 194 Bankr. 881 (Bankr. S.D.Cal. 1996) (exempt fund or property which is not "regular income" is not to be considered in calculation of disposable income in Chapter 13 matters).

Section 1325(b)(2) defines disposable income, stating in relevant part,

> For purposes of this subsection, the term "disposable income" means current monthly income received by the debtor less amounts reasonably necessary to be

2

    expended--
     (A) (i) for the maintenance or support of the debtor or a dependent of the debtor…

*11 USCS § 1325.*

 The Courts on both sides of the issue agree that "disposable income," must first be *income*. This is consistent with both the statutory language and the overall purpose of a chapter 13 case, which is to allow debtors to retain their property in exchange for the promise to pay, to the Trustee for the benefit of their creditors, all their post-petition income minus reasonable and necessary expenses for the applicable commitment period required by Title 11. Black's Law Dictionary defines income as "[t]he money or other form of payment that one receives, usu. periodically, from employment, business, investments, royalties, gifts, and the like. See EARNINGS. Cf. PROFIT." *Black's Law Dictionary* (8th ed. 2004).

 The evidence reflects that the settlement proceeds consist of (1) $22,000 for future back surgery and (2) $18,000 for anticipated loss of income during surgery and recovery. The $22,000 allocated for future back surgery is not income and by definition not disposable income under § 1325(b)(1).

 This money was paid to the Debtor for the specific purpose of funding surgery to repair the damage caused by the accident. It is designed to put Debtor in the same position he would have been had the accident not occurred. Supposing that the $22,000 were to be considered income, the Court would nevertheless find that the funds should not be paid to the Trustee as disposable income because the expense of surgery will be reasonably necessary for the maintenance or support of the Debtor.

 The remaining issue is whether the $18,000 allocated for future loss of income is included in the § 1325(b) calculation. It is not. First, a distinction between many of the cases the Trustee cites and the present case is that the issue here is modification of the plan as opposed to confirmation of the plan. *See e.g., Schnabel,* 153 B.R. 809 (Bankr. N.D. Ill. 1993); *Hagel,* 184 B.R. 793 (9th Cir. BAP 1995).

3

Debtors filed the chapter 13 petition and plan on September 10, 2004. Debtors' first payment was due pursuant to § 1326 on or before October 10, 2004. Debtors' proposed plan was confirmed January 18, 2005. Debtors proposed to pay less that 100% to unsecured creditors. In order to comply with § 1325(b)(1) for confirmation purposes the Debtors were required to commit all of their disposable income to the plan until October 10, 2009.[3] On August 22, 2006 Mr. Krapf testified that he would need the back surgery within two years, and that the $18,000 was for the loss of income for the period of time he would need to miss work for the surgery, recovery, and/or rehabilitation. This is the only evidence before the Court relating to the purpose of these funds.

Thus, the $18,000 is not new unaccounted income. It replaces income that was accounted for during the confirmation process. Had Mr. Krapf not been injured he would have received the same $18,000 in the form of wages through his regular employment. As moving party, the Trustee has the burden to show that a modification of the plan is warranted. The evidence suggests that the $18,000 is not additional disposable income but is the replacement for income considered during the original confirmation process. The Trustee offers no evidence to the contrary.

### *Conclusion*

The Court finds, under the circumstances of this case, that the funds in the amount of $40,000 are not *income* for purposes of the § 1325(b) disposable income calculation. The Trustee's Motion to Modify Plan is DENIED.

**AND IT IS SO ORDERED.**
Columbia, South Carolina
November 20, 2006

---

[3] The Court notes § 1325(b)(1) provides "[i]f the trustee or the holder of an allowed unsecured claim objects." There is no objection to the plan indicated in the record. It is assumed that had the Debtors not committed all their disposable income over the applicable period the Trustee or a creditor would have objected.

4